IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MALCOLM WATKINS | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | C.A. NO. G – 04 – 573 |
| | § | |
| EXXON MOBIL CORPORATION and | § | |
| DOLPHIN SERVICES, INC. | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants, Dolphin Services, Inc. (hereinafter "Dolphin") and Exxon Mobil Corporation (hereinafter "Exxon Mobil"), file their Motion for Summary Judgment pursuant to FED. R. CIV. P. 56(b). The summary judgment evidence will show that Plaintiff allegedly was injured working on a fixed platform on the Outer Continental Shelf, and therefore, is not a seaman. He cannot claim under the Jones Act or the general maritime law. He has no claim for unseaworthiness, and is not entitled to maintenance and cure.

## I.
## FACTUAL BACKGROUND

This personal injury case arises out of Plaintiff's alleged injuries sustained while working aboard the West Delta 73A Platform, owned by Exxon Mobil. The West Delta 73A is a fixed platform located on the Outer Continental Shelf approximately 22 miles off the Louisiana Coast. (Exhibit "1", Affidavit of Allen McCorvey, Jr.). Plaintiff was employed by Dolphin as a blaster/painter/helper. (Exhibit "2," Deposition of Malcolm Watkins at p. 40, ll. 20-25 to p. 41, ll. 1-2) He was assigned to work primarily in Dolphin's yard, and only occasionally worked offshore. (*Id.* at p. 41, ll. 5-11, 18-25 to p. 42, ll. 1-14). Plaintiff holds no seaman's papers or

licenses. (*Id.* at p. 110, ll. 5-17). He has never served aboard a vessel, been a member of a vessel's crew, or contributed to a vessel's navigation. (*Id.* at p. 110, ll. 16-17). He never was assigned to a vessel or to an identifiable fleet of vessels. Rather, when Plaintiff worked offshore, he was assigned exclusively to fixed platforms. (Exhibit "3," Affidavit of Steven M. Bossier).

Plaintiff allegedly injured his neck, back and shoulder while moving a board by himself on the platform. He claims an Exxon Mobil employee instructed him to move the board. (Exhibit "2" at p. 83, ll. 15-20). Inexplicably, Plaintiff lifted the board himself, despite "knowing" the task normally required three to four people. (*Id.* at pp. 95-99). Plaintiff concedes that there was no defect with the rope, board, or any appurtenance on the platform. (*Id.* at p. 120, ll. 3-11; p. 179, ll. 22-25 to p. 180, ll. 1-3). Plaintiff further concedes that the Exxon representative did not tell him how to move the board or when the task had to be completed. (*Id.* at p. 106, ll. 12-25). His sole complaint against Exxon is that he was told to do an unsafe task. (*Id.* at p. 144, ll. 13-15).

Plaintiff has sued Dolphin and Exxon Mobil alleging that he is a Jones Act seaman. (Plaintiff's Original Complaint at ¶¶ II, IV). Asserting admiralty and maritime jurisdiction, he alleges negligence under the Jones Act and general maritime law, unseaworthiness, and wrongful withholding of maintenance and cure. There is no mention of the Outer Continental Shelf Lands Act ("OCSLA"), nor is any claim asserted under state law. Because the record conclusively establishes that Plaintiff is not a Jones Act seaman, he cannot recover under any theory advanced in his original Complaint, and it must be dismissed.

## II.
## STANDARD OF REVIEW

Summary judgment is appropriate when, after reviewing the facts in a light most favorable to the non-movant, no material issue of fact exists, and the movants are entitled to

judgment as a matter of law. *Graham v. Amoco Oil Co.*, 21 F.3d 643, 645 (5th Cir. 1994). Determination of whether an allegedly injured worker is a Jones Act seaman is a mixed question of law and fact. *Roberts v. Cardinal Servs., Inc.*, 266 F.3d 368, 373 (5th Cir. 2001). If reasonable persons applying the proper legal standard could differ as to whether the employee was a member of a crew, then it is a question for the jury. *Id.* Nonetheless, summary judgment is mandated where the facts and the law will reasonably support only one conclusion. *Id.*

### III.
### ARGUMENT AND AUTHORITIES

Plaintiff's Complaint invokes this Court's admiralty jurisdiction, asserts Plaintiff is a seaman, and seeks seaman's remedies. The Complaint must be dismissed in its entirety. The platform on which Plaintiff allegedly was injured is not a vessel. Plaintiff is not a seaman, and his claims are not maritime claims.

A. **Seaman Status is Dependent Upon the Existence of a Vessel**

As this Honorable Court is well aware, to determine whether Plaintiff is a seaman and, therefore, entitled to the protection of the Jones Act, Plaintiff is required to meet a two-prong test. First, Plaintiff's duties must "contribute to the function of a vessel or to the accomplishment of its mission." *Becker v. Tidewater, Inc.*, 355 F.3d 376, 387 (5th Cir. 2003) (quoting *Chandris, Inc. v. Latsis*, 515 U.S. 347, 368 (1995)). Second, Plaintiff must have a "connection to a vessel in navigation (or to an identifiable group of such vessels) that is substantial in terms of both duration and nature." *Id.* (quoting *Chandris*, 515 U.S. at 368)). In the instant case, Plaintiff's testimony and the summary judgment evidence conclusively establish that the West Delta 73A is not a vessel and that Plaintiff is not a seaman.

B.  **The West Delta 73A Platform is not a Vessel**

Plaintiff fails to meet either prong of the test for seaman status because the platform on which he was working is not a vessel. It is well established that fixed offshore platforms, such as the West Delta 73A, are not vessels, but rather "man-made" islands not subject to admiralty law. See *Rodrigue v. Aetna Cas. & Surety Co.*, 395 U.S. 352 (1969); *Becker v. Tidewater, Inc.*, 335 F.3d 376, 391 (5th Cir. 2003); *Fields v. Pool Offshore, Inc.*, 182 F.3d 353, 359 (5th Cir. 1999); *Hufnagel v. Omega Servs. Indus., Inc.*, 182 F.3d 340, 347, n. 1 (5th Cir. 1999); *Theriot v. BP Corp. N. Am., Inc.*, 216 F.Supp.2d 651, 654-55 (S.D. Tex. 2002) (Kent, J.); *Hall v. Environmental Chem. Corp.*, 90 F. Supp.2d 794, 796 (S.D. Tex. 2000) (Kent, J.). Thus, Plaintiff had no connection to a vessel in navigation or to an identifiable group of such vessels. Though his Complaint alleges he was injured aboard a "barge," Plaintiff's testimony proves his contention false:

> Q:  Now, the walkway that you were standing on at the moment that you first felt any pain – okay? –
>
> A:  Okay.
>
> * * *
>
> Q:  Was it stairs aboard a barge that was floating or stairs aboard a fixed platform?
>
> A:  Okay. I mean, what's the difference, like?
>
> Q:  Well, is it a structure that had pipes going down below the water; or was it –
>
> A:  Right.
>
> Q:  -- one big piece of floating metal?
>
> A:  The pipes would go down into the water. Like, there was one on each corner, like four corners; and the pipes would go down into the water.

\* \* \*

Q: Let me ask you – this might help us a little bit. I'm going to show you a photograph that was produced with Exxon Mobil's Initial Disclosures.

A: Yes. Yeah, that's how it looked. It had the pipes going down in the water like that, right.

Q: Okay. Why don't we go ahead and mark that as Exhibit 4 to your deposition.

(Exhibit "2" at p. 75, ll. 7-9, 16-25; p. 76, ll. 3-9, with attached Depo. Exhibit "4").

The West Delta 73A is a fixed platform. Its location is approximately 22 miles off the Louisiana coast and it is fixed to the Outer Continental Shelf. (Exhibit "1"). Because the West Delta 73A platform is not a vessel, Plaintiff is not a Jones Act seaman as a matter of law. See *Hufnagel*, 182 F.3d at 346 (worker injured on fixed platform on OCS was not a seaman); *Fields*, 182 F.3d at 360-61 (affirming summary judgment on plaintiff's Jones Act and general maritime law claims where he was injured working on a spar and, thus, not a seaman); *Hall*, 90 F.Supp.2d at 795 (court referencing its disposal of plaintiff's Jones Act and general maritime law claims because craft was "a non-vessel for purposes of the Jones Act.").

Moreover, Plaintiff's own testimony cements his status as a land-based worker. The majority of his time with Dolphin was assigned to the company's yard. Only "occasionally" was he assigned to work offshore. (Exhibit "2" at p. 41, ll, 18-25 to p. 42. ll. 1-14). Plaintiff holds no mariner's licenses or any seaman's papers from the U.S. Coast Guard. (*Id.* at p. 110, ll. 5-17). He has never served aboard a vessel. (*Id.* at p. 110, ll. 16-17). Plaintiff is a land-based worker allegedly injured on a fixed platform. He cannot be afforded the protections of the Jones Act. He has no claim for unseaworthiness. He is not entitled to maintenance and cure. Therefore, these claims must be dismissed as a matter of law.

C.     **This Court Does Not Have Admiralty and Maritime Jurisdiction**

Plaintiff's claims are not maritime claims. To give rise to a tort claim in admiralty, an incident must have *both* a maritime situs and a connection to a traditional maritime activity. *Hufnagel*, 182 F.3d at 351 (citing *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527 (1995)) (emphasis in original); *Theriot*, 216 F.Supp.2d at 654.

In *Hufnagel*, the Court held that an oil platform repair worker's claims were non-maritime and governed by the OCSLA. *Hufnagel*, 182 F.3d at 351. There, plaintiff worked as a rigger on a fixed platform owned by Kerr-McGee that was permanently affixed to the Outer Continental Shelf off the coast of Louisiana. He was injured and sued his employer and the platform owner alleging claims under the Jones Act, general maritime law, and the Louisiana Civil Code. At issue was whether Plaintiff's claims were removable, and the Court addressed plaintiff's status and the effect of same on his claims. First, because plaintiff was injured working on fixed platform, he was not a seaman and had no Jones Act claim. *Id.* at 347-48. Second, plaintiff's claims were non-maritime, as his accident failed both the situs and connection tests to establish maritime jurisdiction. The Court noted the long-standing rule that accidents occurring on fixed platforms do not occur on navigable waters. *Id.* at 351-52. Also, plaintiff's act of repairing a fixed offshore drilling platform bore no significant relation to traditional maritime activity. *Id.* at 352. Plaintiff's claims were "non-maritime ones 'arising under' and governed by OCSLA." *Id.* at 353; see also *Theriot*, 216 F. Supp. at 654-655 (federal maritime law did not apply of its own force to plaintiff's claims arising from injury sustained on an offshore fixed drilling platform).

In the instant case, Plaintiff similarly has failed to assert any cognizable maritime claim. As in *Hufnagel*, he was not injured on navigable waters, but rather on an artificial island. His

6

work as a blaster/helper on a fixed offshore platform bore no relationship to traditional maritime activity. Therefore, Plaintiff's remaining claims under the general maritime law must be dismissed.

### D. The Longshore Act is Plaintiff's Exclusive Remedy Against His Employer

In the alternative, Plaintiff's claims against Dolphin also must be dismissed because his sole remedy against his employer is under the Longshore Act. Fixed platforms are not vessels, and workers injured on them are covered under the Longshore Act, not the Jones Act. *Becker*, 335 F.3d at 391 (citing *Demette*, 280 F.3d at 492). OCSLA provides that an employee injured as a result of operations on the Outer Continental Shelf has a remedy against his employer under the Longshore Act. 43 U.S.C. § 1333(c); *Bertrand v. Shell Oil Co.*, 489 F.2d 293, 295 (5th Cir. 1974). Section 905 of the Longshore Act "unequivocally provides that the benefits secured to a claimant under [the Act] shall be the 'exclusive remedy' of the claimant against his employer." *Id.* (quoting *Bertrand v. Forest Corp.*, 441 F.2d 809, 811 (5th Cir. 1971)). In the instant case, Plaintiff has not pleaded any claim under the Longshore Act or alleged that he has not received the benefits that may be owed to him under the Act, if any. Plaintiff's claims against Dolphin also must be dismissed under the exclusivity provision of the Longshore Act.

### CONCLUSION

The summary judgment evidence conclusively establishes that the West Delta 73A is not a vessel and that Plaintiff is not a Jones Act seaman. Plaintiff has asserted no maritime claims. Moreover, his exclusive remedy against his employer, Dolphin, is under the Longshore Act, which Plaintiff has not pleaded. Therefore, Plaintiff's Complaint against Defendants Dolphin and Exxon Mobil must be dismissed.

WHEREFORE, PREMISES CONSIDERED, Defendants Dolphin Services, Inc. and Exxon Mobil Corporation respectfully request that this Court grant their Motion for Summary Judgment, that Plaintiff's claims be dismissed with prejudice to the refiling of same, and that Defendants be awarded all other and further relief, at law or in equity, to which they may show themselves justly entitled to receive.

                Respectfully submitted,

_____
James M. Tompkins
Attorney-in-Charge
Federal I.D. No. 15800
State Bar No. 00785534
Mary Lou Mauro
Federal I.D. No. 29682
State Bar No. 13238520
3555 Timmons Lane, Suite 1225
Houston, Texas 77027
(713) 599-0700 – telephone
(713) 599-0777 – facsimile

ATTORNEYS FOR DEFENDANTS
DOLPHIN SERVICES, INC. AND
EXXON MOBIL CORPORATION

OF COUNSEL:
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Motion for Summary Judgment has been served on the following known counsel of record by the Southern District of Texas e-file system on this 26 day of May, 2005. The identified counsel is a registered user of the system.

Mr. Francis Spagnoletti
SPAGNOLETTI & CO.
1600 Smith, 45th Floor
Houston, Texas 77002
***By e-file***

_____
James M. Tompkins