IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MALCOLM WATKINS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. G-04-573 |
| EXXON MOBIL CORP. and DOLPHIN SERVICES, INC., | § § § § | |
| Defendants. | § § | |

**ORDER DENYING DEFENDANT EXXON MOBIL CORPORATION'S MOTION FOR SUMMARY JUDGMENT**

This case arises out of injuries allegedly suffered by Malcolm Watkins ("Plaintiff") during his employment with Dolphin Services, Inc. Now before the Court is the Motion for Summary Judgment by Exxon Mobil Corporation ("Exxon"). For the following reasons, Exxon's Motion is **DENIED**.

I. Background

Plaintiff was employed by Dolphin Services, Inc. ("Dolphin") as a painter and general helper. (Watkins Dep. at 40.) He alleges that on August 29, 2004, he was injured while working on a drilling platform owned by Exxon, located 22 miles offshore of Louisiana on the Outer Continental Shelf. He alleges that an Exxon employee, Brad Choate, told him to help Pat Malone, another Dolphin employee, to pick up some boards. Choate then walked off. Plaintiff knew that this job usually required three or four people, but he went ahead and pulled on the rope to raise the board. The board caught on something, and he fell and injured himself. Plaintiff admitted in his deposition that there was nothing wrong with the platform or the equipment. His claim against Exxon is that

he was told to do a job that was unsafe because too few employees were used.

Exxon argues that it did not owe a duty to Plaintiff because its contract with Dolphin, an independent contractor, puts the duty for a safe workplace on Dolphin. Exxon also argues that a principal is not liable for the negligence of an independent contractor unless the contractor was engaged in an ultra-hazardous activity or the principal maintained operational control over the contractor's activities. The contract specifies that Dolphin was to control the manner of the work; Exxon has also provided the affidavit of Brad Choate stating that he did not tell Plaintiff to help move the boards. Even if he did, Exxon argues, he did not specify the manner of moving them or stay and observe Plaintiff's work.

II. Summary Judgment Standard

Although failure to respond to a motion is normally considered "a representation of no opposition," when the motion is for summary judgment, the Court must still consider the motion on its merits. L.R. 7.4; *see, e.g., Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159-60, 90 S. Ct. 1598, 1609-10, 26 L. Ed. 2d 142 (1970); *Dawkins v. Green*, 412 F.2d 644, 646 (5th Cir. 1969).

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552–53, 91 L. Ed. 2d 265 (1986). The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553. The non-moving party must come forward with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e), *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). The court must view all evidence in the light most

favorable to the non-movant. *See, e.g.*, *Broussard v. Parish of Orleans*, 318 F.3d 644, 650 (5th Cir. 2003), *cert. denied*, 539 U.S. 915, 123 S. Ct. 2276, 156 L. Ed. 2d 130 (2003). If the evidence would permit a reasonable fact finder to find in favor of the non-moving party, summary judgment should not be granted. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

III.  Analysis

Federal courts must apply the law of the adjacent state in disputes involving fixed structures on the Outer Continental Shelf, unless such law conflicts with federal law. 43 U.S.C. § 1333(a)(2)(A). As this accident occurred on a fixed drilling platform on the Outer Continental Shelf off the Louisiana coast, Louisiana law applies.

Plaintiff's Complaint first alleges that Exxon had a duty to provide a safe workplace for him because he was either a borrowed employee of Exxon or under Exxon's operational control. "Under Louisiana law, a principal who exercises no operational control has no duty to ensure that the independent contractor performs its contractual duties in a reasonably safe manner," unless the work is "ultrahazardous" or the principal does retain operational control. *Ronquille v. MMR Offshore Servs., Inc.*, 353 F. Supp. 2d 680, 682 (E.D. La. 2004). A principal may also have a duty if the principal expressly or impliedly authorizes the allegedly negligent actions by the independent contractor. *See Boutwell v. Chevron U.S.A., Inc.*, 864 F.2d 406, 407 (5th Cir. 1989). Exxon argues that it did not exercise operational control over Dolphin, an independent contractor, and that it was not engaged in an ultrahazardous activity. The contract between Exxon and Dolphin does state that Dolphin will control the manner of work and that Exxon is only interested in the results. However, Plaintiff's testimony that an Exxon employee ordered him, a specific employee, to help with a fairly specific task, raises a genuine issue of material fact as to whether Exxon actually exercised

operational control over the Dolphin employees. Also, while the contract assigns responsibility for the manner of the work to Dolphin, it does not state that Exxon relinquishes the right to control the manner of work. *See Boutwell*, 864 F.2d at 408.

Plaintiff's Complaint alleges as an alternative theory of liability that Plaintiff was an invitee of Exxon; Plaintiff asserts premises liability and strict liability claims for Exxon's failure to maintain the platform properly. These claims are stated only vaguely. For example, Plaintiff does not allege that any specific part of the platform was defective or improperly maintained. Exxon argues that Plaintiff must show that some part of the platform was defective to succeed on these claims. In support of this argument, Exxon cites La. Civ. Code Ann. Art. 2317.1 (West 2004), which states that the owner of a thing is responsible for damage caused "by its ruin, vice, or defect," if the owner knew or should have known of such ruin, vice, or defect. La. Civ. Code Ann. Art. 2322 (West 2004) makes the owner of a building liable for damages caused the neglect of repairs or by defects or vices in the original construction, if the owner knew or should have known about the vice or defect. Both statutes impose a negligence, rather than strict liability, standard on the owner.

In his deposition, Plaintiff stated that parts of the platform were rusty, but he said that to his knowledge, the metal of the handrail against which he fell, the rope he was holding, and the board he was pulling were not defective. (Watkins Dep. at 119-120.) Since Plaintiff has not stated which parts of the platform he alleges were defective, it is difficult for the Court to know whether this testimony covers all the relevant parts.

A premises owner can be liable for a dangerous *condition* on the premises rather than for a problem with a specific *thing*. *See Boycher v. Livingston Parish Sch. Bd.*, 716 So.2d 187, 190 (La. Ct. App. 1998). The level of duty owed by the owner depends on the status of the injured person, a matter which has not been argued by Exxon. *See id.* at 191. This type of premises liability seems

more applicable to the case at hand, but again, Exxon has not argued this issue. Exxon may very well prevail on this claim in the end–the premises owner is not liable to an invitee for an injury from an observable danger. *See Granger v. United States Fidelity & Guaranty Co.*, 266 So.2d 526, 529 (La. Ct. App. 1972). Viewing the facts in the light most favorable to Plaintiff, a genuine issue of material fact exists as to the condition of the relevant parts of the platform.

IV. Conclusion

This case involves disputed issues of fact best left for trial. Therefore, Exxon's Motion for Summary Judgment is **DENIED**. Each Party is to bear its own taxable costs, expenses, and attorney's fees incurred herein to date.

**IT IS SO ORDERED.**

**DONE** this 25th day of August, 2005, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge